IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

| | | |
|---|---|---|
| Deborah and Barry Marcus | ) | |
| | ) | NO. |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| Colorado Auto Inc., d/b/a Colorado Auto Finders | ) | |
| | ) | **COMPLAINT AND DEMAND FOR JURY TRIAL** |
| Defendant. | ) | |

COMES NOW the Plaintiffs, by and through their undersigned attorneys, and hereby files this Complaint and Jury Demand against the above-stated Defendant and states in support of said Complaint states as follows:

## INTRODUCTION

1. Plaintiffs bring this class action as a result of certain truth-on-lending violations made in connection with the sale and financing of automobiles by the Defendant Colorado Auto Finders (CAF) to these Plaintiffs individually, and on behalf of others similarly situated.

## JURISDICTION AND VENUE

2. Jurisdiction is conferred on this Court pursuant to 15 U.S.C. §1691. Supplemental jurisdiction regarding the state court claims is conferred pursuant to 28 U.S.C. §1367.

3. Defendant Colorado Auto Finders is authorized to do business in the State of Colorado and is engaged in the sale, lease, and distribution of motor vehicles and related equipment and services, with its principal place of business located at 2200 South Parker Road, Denver, Colorado, 80231.

4. Venue is proper in that the Defendant(CAF) is a Colorado Corporation, authorized and doing business in the State of Colorado.

## PARTIES

5. Plaintiffs Deborah and Barry Marcus, at all times material hereto were and are residents of the State of Colorado at the time of the conduct which is set forth herein.

6. Defendant Colorado Auto Inc., d/b/a Colorado Auto Finders (hereinafter "CAF") is a Colorado corporation engaged in the sale and financing of motor vehicles and related equipment and services, with its principal place of business located at 2200 South Parker Road, Denver, Colorado, 80231.

## GENERAL ALLEGATIONS

(As to Plaintiffs individual damages against Defendant CAF)

7. On or about December 2, 2004, Plaintiffs purchased a used 2001 Audi A-4 automobile from the Defendant CAF, which vehicle was financed by that Defendant.

8. The vehicle is registered in the State of Colorado.

9. At the time of the aforementioned sale, CAF failed and/or refused to disclose, in writing, that the subject automobile had sustained material damage at any one time form any one incident.

10. At the time of the execution of the Credit Sale Contract, CAF overstated the true cost of the filing fees paid to Public Officials. In point of fact, the true cost for those filing fees are $9.50 plus $5.00 for each page filed.

11. That actual cost for the filing fees in this transaction were $19.50.

12. Upon discovering prior damage to the vehicle, Plaintiffs directly notified Defendant of the defective conditions of the vehicle; however, Defendant CAF failed and refused to buy back Plaintiff's defective vehicle and to reimburse Plaintiffs pursuant to their rights under Colorado law.

13. As a result of Defendant' failure to disclose prior damage to the vehicle Plaintiffs have suffered damages.

14. In addition to the individual damages suffered by Plaintiffs regarding Defendant CAF's violation of C.R.S. § 6-1-708, Plaintiffs have suffered damages relating to Defendant TILA violations and for civil theft which are common to all putative class members as set forth in below.

## CLASS ALLEGATIONS

15. Plaintiffs adopts by reference Paragraphs 1 through 14 above.

16. This is a statewide class action brought on behalf of Class Plaintiffs who entered contracts for the purchase and/or financing of automobiles with the Defendant CAF. As a result of Defendant's conduct, each putative Class member suffered damages as permitted by C.R.S. § 18-4-405.

17. Plaintiffs Deborah and Barry Marcus seeks individually and on behalf of the class, injunctive and monetary relief, including an order enjoining the Defendant CAF from engaging in the deceptive and unlawful practices complained of herein, and statutory, compensatory and punitive damages as may be awarded at trial.

18. Class members are so numerous that their individual joinder herein is impracticable. Upon information and belief, the number of class members may number in the many hundreds of

persons in the State of Colorado and may be determined from records maintained by the Defendant from their files. Class members may be notified of the pendency of this action by mail, or published notice as deemed necessary or appropriate by the court.

19. Existence of Common Questions of Fact and Law. F.R.C.P. §23(a)(2): Common questions of law and fact exist as to all members of the class. The common questions of fact and law at issue include the following:

    a. Whether the Defendant's conduct violates 15 U.S.C.1638 et. seq., for the following:

        1. By failing to disclose accurately the "finance charge," in violation of 15 U.S.C. §1638(a)(3), and Regulation Z, 12 C.F.R. § 226.18(d) and 226.4;

        2. By failing to disclose accurately the "amount financed" in violation of 15 U.S.C. §1638(a)(2) and Regulation Z, 12 C.F.R. § 226.18(b);

        3. By failing to disclose accurately the "annual percentage rate," in violation of 15 U.S.C. §1638(a)(4) and Regulation Z, 12 C.F.R. §226.18(e); and

        4. By failing to disclose accurately the payment schedule in violation of 15 U.S.C. §1638(a)(6) and Regulation Z, 12 C.F.R. §226.18(g).

    b. Whether injunctive relief is appropriate and, if so, what form of injunctive relief would be most appropriate;

    c. Whether Plaintiffs and members of the class have suffered actual damages as a result of the conduct alleged herein, and if so, the amount of such damages; and

    d. Whether Defendant CAF has committed "civil theft" as set forth in C.R.S. § 18-4-405 and the amount of such damages each class member has sustained including treble damages.

20. <u>Typicality</u>. F.R.C.P. §23(a)(3): Plaintiff's claims are typical of the claims of the members of the class because they all entered into sales agreements and financing contracts utilizing standardized forms and agreements furnished by the Defendant and because Defendant' activities, on information and belief, were standardized throughout the state. As such, reliance of each Class Claimant that entered such standard contract and/or was overcharged for "filing fees" should be presumed.

21. <u>Adequacy</u>. F.R.C.P. §23(a)(4): Plaintiffs are adequate representatives of the class because their individual interests do not conflict with the interests of other class members, and they have retained counsel competent and experienced in complex class action litigation. Plaintiffs and their counsel will fairly and adequately protect the interests of the class.

22. <u>Predominance of Common Questions and Superiority of Class Action</u>. F.RC.P. §23(b)(3): The common questions of law and fact set forth above predominate over any questions affecting only individual members of the class. In addition, a class action in this matter is superior to other available methods for the fair and efficient adjudication of the controversy. The damages suffered by each individual class member are small in comparison to the burden and expense of individual prosecution of these claims. Further, even if the members of the class could afford such individual litigation, the court system could not. In contrast, a class action presents far fewer management difficulties and provides the benefits of a single adjudication, economies of scale, and comprehensive supervision by a single court of what may amount to, literally, thousands of separate claims.

### FIRST CAUSE OF ACTION
(Violations of the Truth in Lending Act for all class members
that financed purchases through the Defendant)

23. Plaintiffs, on behalf of all class members similarly situated, adopt and reallege each

allegation set forth above.

24. Defendant violated the Truth in Lending Act and Regulation Z by failing to deliver accurate disclosures as required by the Truth in Lending Act prior to the consummation of the sale and Regulation Z, including the following:

   a. By failing to disclose accurately the "finance charge," in violation of 15 U.S.C. §1638(a)(3), and Regulation Z, 12 C.F.R. § 226.18(d) and 226.4;

   b. By failing to disclose accurately the "amount financed" in violation of 15 U.S.C. §1638(a)(2) and Regulation Z, 12 C.F.R. § 226.18(b);

   c. By failing to disclose accurately the "annual percentage rate," in violation of 15 U.S.C. §1638(a)(4) and Regulation Z, 12 C.F.R. §226.18(e);

   d. By failing to disclose accurately the payment schedule in violation of 15 U.S.C. §1638(a)(6) and Regulation Z, 12 C.F.R. §226.18(g).

25. As a result of any or all of the aforementioned breaches by the Defendant, Plaintiffs individually and on behalf of all class members suffered damages and are entitled to penalties as permitted by 15 U.S.C. § 1640 and other applicable sections including statutory damages and attorneys fees.

## SECOND CAUSE OF ACTION
(Claim for civil theft on behalf of all class members against Defendant CAF**)**

26. Plaintiffs, on behalf of all class members similarly situated, adopt and reallege each allegation set forth above.

27. The conduct of the Defendant CAF constitutes civil theft as defined in C.R.S. § 18-4-405 resulting in damage to the Plaintiffs.

28. That the conduct of the Defendant is such that Plaintiffs and all class members similarly are entitled to an award of treble damages in an amount not yet determinable at this time plus prejudgment interest at the legal rate and attorneys fees as provided in C.R.S. § 18-4-405.

### THIRD CAUSE OF ACTION
(Violation of the Colorado Consumer Protection Act
Individual Claim of the Plaintiffs against Defendant CAF)

29. Plaintiffs reallege and incorporate by reference as though fully set forth herein each and every allegation set forth in the above paragraphs.

30. Defendant CAF violated the prohibition under C.R.S. §6-1-708 (1)(a)(III) by failing to disclose material damage prior to the sale of the vehicle.

31. Plaintiffs' have sustained damages as a result of Defendant CAF's conduct.

### FOURTH CAUSE OF ACTION
(Revocation of Acceptance under the Colorado Uniform Commercial
Code against Defendant CAF)

32. Plaintiffs reallege and incorporate by reference as though fully set forth herein each and every allegation set forth in the above paragraphs.

33. As set forth above, Plaintiffs experienced numerous difficulties.

34. Plaintiffs revoked and revoke acceptance of the subject vehicle pursuant to C.R.S. §4-2-608, because its non-conformity substantially impairs its use and value.

35. Notwithstanding said demand for revocation of acceptance, Defendant CAF has failed and refused to accept said revocation and, as such, Plaintiffs have suffered injuries and damages as set forth below.

36. As a direct and proximate result of Defendant CAF's conduct, Plaintiffs have suffered damages equal to the purchase price of the vehicle in question, interest from according to

law, loss of use, and incidental and consequential damages resulting from the delivery and use of the defective vehicle sold to Plaintiffs.

37. Plaintiffs are ready, willing and able to deliver the vehicle to Defendant CAF, and indeed, the vehicle has been in Plaintiff's possession since prior the filing of this action.

38. At all times material hereto, Defendant CAF has failed and refused to accept said revocation, to take possession of the vehicle and refund the purchase price.

## JURY DEMAND

Plaintiffs hereby demand a trial by jury as to all issued raised herein.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiffs respectfully request, individually and on behalf of all members of the class, that judgment be entered against Defendant for the damages sustained by reason of each of the causes set forth above, including compensatory and statutory damages and penalties as permitted by statute in an amount to be determined at trial, statutory damages and attorneys fees as provided in C.R.S. §6-1-105(1), and/or C. R.S. § 18-4-405 and/or 15 U.S.C. § 1640, punitive damages in an amount to be determined at trial, and for an order of court providing as follows:

a. That Defendant CAF provides an accounting of all monies wrongfully received as a result of the conduct complained of herein;

b. That Defendant be enjoined from engaging in the conduct complained of herein;

c. That Defendant be required to provide adequate notice to its present and future customers of the practice complained of, allowing consumers who receive said notice the option to avoid their existing contracts with Defendant;

d. Any other relief including injunctive relief that to this court seems just and proper in this action, including expert witness fees; and

e. That all class members be awarded compensatory and statutory damages including attorney's fees claimed above.

f. That the individual Plaintiffs be awarded their damage for Defendant CAF's violation of the Colorado Consumer Protection Act C.R.S. § 6-1-708 including rescission of the sale and/or damages, statutory penalties, treble damages and attorneys fees.

RESPECTFULLY submitted this ___28th___ day of July 2005.

          Richard Wynkoop
Richard Wynkoop
Wynkoop & Thomas PC
4410 Yates Street
Denver, CO 80212
720-855-0451
720-855-0469 Facsimile
rickwynkoop@yahoo.com

And

Michael J. Kleinman
9490 S Aspen Hill Way
Lone Tree, Colorado 80124
Phone Number 720-920-9903
Facsimile Number 303-927-6337
ATTORNEYS FOR PLAINTIFFS