IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Edward W. Nottingham**

Civil Action No. 05–cv–01434–EWN–BNB

DEBORAH and BARRY MARCUS,

    Plaintiffs,

v.

COLORADO AUTO INC.,
d/b/a Colorado Auto Finders,

    Defendant.

---

## PRELIMINARY SETTLEMENT APPROVAL ORDER

---

    This matter comes before the Court upon the joint application of Counsel for Plaintiffs and Counsel for Defendant: (1) for preliminary approval of the proposed settlement in this lawsuit ("the Litigation"); (2) for approval of notice to the Class of the proposed settlement; and (3) to set a hearing date to determine the fairness of that proposed settlement. The Court has considered the pleadings and papers filed in support of the joint application and the records in this case and for good cause shown makes the following findings:

1.     The parties have applied for an Order approving the Settlement of the Litigation in accordance with a Class Action Settlement Agreement dated February 9, 2006 (the "Agreement"), which together with the exhibits annexed thereto, sets forth the terms and

conditions for a proposed settlement of the Litigation and for dismissal of the Litigation with prejudice; and

2. The proposed settlement appears to be the product of serious, informed, non-collusive negotiations, has no obvious deficiencies, does not improperly grant preferential treatment to the Class representative or segments of the Class, and falls within the range of possible approval; and

3. It is necessary and appropriate to submit the proposed settlement of the class action to the members of the Class and to convene a hearing for the purpose of determining on a final basis the fairness, reasonableness, and adequacy of the proposed settlement and award of attorneys' fees and reimbursement of expenses by Class Counsel.

NOW THEREFORE; IT IS HEREBY ORDERED a hearing (the "Settlement Hearing") shall be held before this Court on **June 30, 2006,** at 4:30 o'clock p.m. to determine whether the proposed settlement of the Litigation on the terms and conditions provided in the Agreement is fair, reasonable and adequate and should be approved by the Court; whether a Final Order and Judgment as provided in the Agreement should be entered herein; and to determine the amount of fees and expenses that should be awarded to counsel for the Class.

1. For purposes of this settlement only, the Court certifies a class consisting of all persons who purchased and/or financed the purchase of automobiles from the Defendant during the period of July 29, 2004 through February 9, 2006 and were

    overcharged statutory filing fees in varying amounts, the majority of which were $40.00, and which were not properly disclosed pursuant to the requirements of the Federal Truth-in-lending Act (TILA) in violation of 15 U.S. C.§ 1638 et seq., and 12 C.F.R. § 226.18 et seq.

2.  The Court approves Plaintiffs Deborah and Barry Marcus as class representatives and Michael J. Kleinman and the Law Offices of Michael Kleinman and Richard Wynkoop of the Law Offices of Wynkoop and Thomas as class counsel.

3.  The Court preliminarily approves the Agreement as being fair, reasonable and adequate and in the best interests of the Class as a whole.

4.  The Court approves, as to form and content, the Class Notice ("Mailed Notice") attached as **Exhibit 1** The Court finds that the mailing of the Mailed Notice in the manner and form set forth in paragraph this Order, meet the requirements of Fed. R. Civ. P. 23, and due process considerations of the United States and Colorado Constitutions, and together constitute the best notice practicable under the circumstances, and shall constitute sufficient notice to all persons entitled thereto.

5.  Not later than 30 days following the date hereof, Defendants through their counsel shall cause the Mailed Notice to be mailed to Class Members by first class mail. The cost of such Notice shall be borne by Defendant.

6. Prior to the Settlement Hearing, Defendants shall serve on Class Counsel and file with the Court proofs, by affidavit or declaration, of such mailing of the Notices of Proposed Settlement.

7. The Agreement and all papers in support thereof shall be made available for inspection at the offices of the Clerk of the United States District Court for the District of Colorado located at the Alfred A. Arraj Courthouse, 901 19th Street, Denver, Colorado 80294.

8. All Class Members who do not exclude themselves from the settlement shall be bound by all determinations, orders, rulings, and judgments in the Litigation concerning the settlement, whether favorable or unfavorable to the Class.

9. Class Members who wish to exclude themselves from the Class must do so individually in accordance with the instructions contained in the Notice of Proposed Settlement, but cannot do so on a group, representative or class-wide basis.

10. Class Members may enter an appearance in the Litigation, at their own expense, personally or through counsel of their own choice. If they do not enter an appearance, they will be represented by Class Counsel.

11. Pending final determination of whether the settlement should be approved, unless they have requested exclusion from the Class or are otherwise excluded from it,

       neither the Plaintiffs nor any Class Member, either directly, representatively, or in any other capacity, shall commence or prosecute any action or proceeding in any court or tribunal asserting any of the Released Claims against Defendant, as defined in the Agreement.

12.    Any Class Member who has not requested exclusion, or who is not otherwise excluded, may appear and show cause why the proposed settlement of the Litigation should or should not be approved as fair, reasonable and adequate, or why the proposed Final Judgment and Order Of Dismissal should or should not be entered, why attorneys' fees and expenses to Class Counsel should or should not be awarded in the amounts requested.  However, no Class Member or any other person shall be heard or entitled to contest the approval of the terms and conditions of the proposed settlement, or, if approved, the Final Judgment and Order Of Dismissal to be entered thereon approving the same, or the attorneys' fees and expenses to be awarded to Class Counsel unless on or before the date specified on the Notices of Settlement, which shall be approximately thirty days from the date of mailing, that person has served by first class mail written objections and copies of any papers and briefs to be submitted by him or her to the Court at the Settlement Hearing, upon Michael J. Kleinman Esq. and Richard Wynkoop Esq. at 9490 S Aspen Hill Way Lone Tree, Colorado 80124 and Peter J Fetterly and Lawrence E. Gustfafson at 600 Grant Street, Suite 300 Denver, Colorado 80203, and also has filed those objections, papers and briefs with the

Clerk of the Federal District Court for the District of Colorado Room A-105 Alfred A. Arraj Courthouse, 901 19th Street, Denver, Colorado 80294.  The written statement of objection must set forth (a) identification of the action, *ie. Deborah and Barry Marcus vs. Colorado Auto Inc., d/b/a Colorado Auto Finders 05-CV-1434-EWN-BNB* (b) the Class Member's full name, address, telephone number; and (c) the specific reasons for the objection, and any evidence or legal authority the Class Member believes supports the objection.  Any Class Member who has filed and served a written statement of objection may also enter an appearance at the Settlement Hearing either personally or through counsel of his or her choice, with the expense of such counsel to be borne by the objecting Class Member.  Class Members and their counsel who intend to appear at the Settlement Hearing must file with the Court and Counsel for Plaintiffs and Counsel for Defendant Colorado Auto Finders a written notice of their intention to appear, which must be postmarked on or before the date specified on the Notices of Settlement, which shall be approximately thirty days from the date of mailing.  Any Class Member who does not make his or her objections in the manner provided shall be deemed to have waived all such objections and shall forever be foreclosed from making any objection to the fairness, reasonableness, or adequacy of the proposed Settlement, the award of attorneys' fees and reimbursement of expenses to Class Counsel, all as reflected in the Agreement, unless otherwise ordered by the Court.

13. Upon the Effective Date of the settlement, all Class Members who have not timely and validly requested exclusion, or who are not otherwise excluded, shall be enjoined and barred from commencing or prosecuting, either directly, representatively, or in any other capacity, any action or proceeding in any court or other tribunal, asserting any of the Released Claims against Defendant; and each such person shall be conclusively deemed to have fully, finally and forever settled and released any and all such Released Claims as against Defendant.

14. At or after the Settlement Hearing, the Court shall determine the amount of the Plaintiffs' application for attorneys' fees, class representative fees and reimbursement of expenses that shall be approved, in an amount not to exceed $25,000.00 for the class claims.

15. Class Members may file a Benefit Selection Form (which is included with the Mailed Notice and Publication Notice) to receive the funds offered through the settlement. Class Members who do not make a selection and do not opt out of the settlement agreement will receive the same benefit as those who file the Benefit Selection Form.  Benefit Selections and Opt-Out Notices will be sent to Plaintiff's counsel's office with copies to be provided to the Court and Defendants Counsel.

16. The Court reserves the right to adjourn the date of the Settlement Hearing and any adjournment thereof without further notice to the Class Members (except as may be served upon all counsel of record and Class members who have appeared), and

      retains jurisdiction to consider all further applications arising out of or connected with the proposed settlement..

17.    The parties, on agreement, may stipulate to non-material changes in the terms of the Settlement Agreement.

SO ORDERED, this 14th day of March, 2006.

                                          s/ Edward W. Nottingham
                                          EDWARD W. NOTTINGHAM
                                          United States District Judge